WILLIAM DAVISON v. GEO. F. POOLE.

(Case No. 2166)

1. TRESPASS TO TRY TITLE—ORAL CONTRACTS FOR SALE OF LAND—SPECIFIC PERFORM-
ANCE—On January 26, 1884, D. and P. entered into an oral agreement by which
D. was to sell to P. a certain small tract of unimproved land near the town of
Newton, in Newton county, and P. was to pay him therefor the sum of $30.00, as
soon as P. moved on the land with his family, who were then in another county.
Two days thereafter it was further orally agreed between them that D. should
erect upon the land a dwelling-house, furnishing all the material therefor and
completing the same by the following March, and that P. should pay him
therefor the further sum of $300, but no definite time was fixed for its payment.
D. completed the building within the time specified, and, on April 6, 1884, P.
with his family, took possession of the premises, with the consent of D., pay-
ing the latter at the time $100. P., shortly after taking possession of the
premises, erected thereon, with the knowledge and consent of D., other perma-
nent and valuble improvements, at his own expense. On January 14, 1885, D.
tendered to P. a deed to the property, in which the consideration was stated to
be $330. This deed P. refused to accept, claiming that the true consideration
was $30; that he was entitled to a deed with such amount expressed therein as
the consideration, and that the $300 related to an entirely different transaction.
D. declined to make the alteration in the deed, and in March, 1885, the balance
of the $330 being still unpaid, brought suit in trespass to try title against P.
for the land. P. pleaded purchase of the land from D. for $30.00, and payment of
that amount, possession and occupancy thereof, with plaintiff's consent, and
valuable improvements by him in good faith, and prayed the court for a decree
in his own behalf, compelling the plaintiff to make conveyance of the land in
conformity with the terms of the oral agreement of January 26, 1884. *Held:*

(1) That, under the foregoing facts, the court did not err in refusing to render
judgment in favor of D.

(2) That improvements made by the vendor, under the circumstances of this
case, cannot aid a vendee in enforcing specific performance of a verbal con-
tract to sell land, until the latter pays for them;

(3) That the improvements made by P. counted for nothing in his prayer for
specific performance, so long as he failed to perform his part of the contract by
not paying the entire purchase money;

(4) That if P. will pay the unpaid balance of the $330, he will then be entitled
to a decree vesting in him the title to the land, but not otherwise;

(5) That the plaintiff may, if he thinks proper to do so, in case the defendant fails to pay the part of the price unpaid, so amend his pleadings as to entitle him to a judgment for the unpaid balance, if, in fact, it is due, and to a decree directing a sale of the property to satisfy such judgment.

APPEAL from Newton.  Tried below before the Hon. W. H. Ford. This was an action of trespass to try title, brought by William Davison, the appellant, in the district court of Newton county, March 13, 1885, against Geo. F. Poole, for the recovery of four and a half acres of land, near the town of Newton, in that county.  On April 2, 1885, the cause was tried by the court, without the intervention of a jury, and judgment was rendered therein against the plaintiff and in favor of the defendant, decreeing to the latter, on his prayer for specific performance, the title to the premises in question.  The plaintiff, on the trial, deraigned title to the premises by a perfect chain from the sovereignty of the soil down to himself.  From that judgment this appeal is prosecuted by the plaintiff.  The above statement, in connection with that contained in the syllabus, is thought to be sufficient for a proper understanding of the opinion.

*Lipscomb Norvell*, for appellant, cited: Dunlap *v.* Wright, 11 Tex. 597; Wallis *v.* Beauchamp, 15 Tex. 304; Patton *v.* Rucker, 29 Tex. 406; Alstin *v.* Cundiff, 52 Tex. 453; Estes *v.* Browning, 11 Tex. 242; Cassady *v.* Frankland, 55 Tex. 460; Flanagan *v.* Cushman, 48 Tex. 241; Harris *v.* Catlin, 55 Tex. 8; 2 Parsons on Con., pp. 6, 11, 15; 2 Story Eq. Jur., secs. 770, 771, 776; Hobby's Land Law, secs. 136, 472, 1580, 1583, 1584, 1586.

*T. W. Ford*, and *Stephen P. West*, for appellee.

STAYTON, ASSOCIATE JUSTICE.—There was no error in refusing to render a judgment in favor of the plaintiff, under the facts in evidence.  The real inquiry is whether the defendant was entitled to the judgment which he obtained on his prayer for specific performance of the verbal contract made between himself and the plaintiff.  The contract for the purchase of the land, and the contract that Davison should erect a house upon it prior to his taking possession, as well as the performance of the latter contract by Davison, occurred at a time when Davison was legally and equitably the owner of the land, which included the house.

When the house was completed, Poole had no such right, either legal or equitable, as could have been enforced.  Davison, at that time, might have declined to carry out the verbal agreements, and no

court would have compelled him to do so. When he subsequently consented to give possession, and that Poole should perform acts on the faith of the verbal contracts, through which, alone, they could become obligatory, he was the owner of the land and house for which Poole had contracted to pay $330. His doing and consenting to the doing of the acts, on which the claim of Poole now has standing in court, ought to be read in the light of the facts existing before these things were done.

If Poole had verbally contracted to buy the land and house to be erected on it, and to pay therefor $330, it is clear that he could not have specific performance, unless he had paid the price, taken possession, and made improvements thereon, or otherwise had so changed his condition, on the faith of the contract, that not to give him this relief would operate a fraud upon him.

Davison permitted him to take possession, on the faith of his promise to pay $330 for the property as it then stood, and, although the contracts for the land and for the construction of the house may have been made on different days, he cannot be heard to claim that the one was for the land and the other for the construction of the house, unless, by the contract for the naked land, he acquired some right which the law recognizes. The house constructed by the owner became a part of the land.

Possession is one fact which tends to give right to have the verbal contract made obligatory. This was given while the land, as it stood, belonged to the plaintiff, and while the defendant's promises to pay $330 for it, were by both parties understood to apply to the entire property. Another fact which induces courts to give effect to such verbal contracts to sell land is that improvements have been made upon it. Can the defendant claim that the improvements, which were necessary to the shelter of his family and the use of the land, were made by him, until he pays the plaintiff for them? Improvements made under such circumstances, by the vendor, cannot aid a vendee in enforcing specific performance of a verbal contract to sell land, until he pays for them.

If the defendant will pay the balance unpaid on the $330, he will then be entitled to such a decree as was rendered in his favor, but not otherwise. Improvements made by him count for nothing on his prayer for specific performance, so long as he fails to perform his part of the contract, by not paying the entire purchase money. It does not appear that time was of the essence of the contract, nor does it clearly appear that the defendant was in default on the balance due, for there seems to have been no definite time fixed for the payment.

If the plaintiff thinks proper to do so, in case the defendant fails to pay the part of the price unpaid, he may so amend his pleadings as to entitle himself to a judgment for the unpaid balance, if in fact it be due, and to a decree directing the sale of the property to satisfy it.

The judgment will be reversed and the cause remanded, that the parties may take such steps as they deem proper to secure their several rights. It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1886.]